# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN LESLIE PEPPER, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | Case No. 12-3485-CV-S-FJG |
| UNITED STATES OF AMERICA, | ) ) ) | Crim No. 11-3031-01-CR-S-RED |
| Respondent. | ) | |

## ORDER

Currently pending before the Court is Movant Steven Leslie Pepper's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1).

## I. BACKGROUND

On July 12, 2011, Movant pled guilty to Counts One and Two of the indictment. As to Count One, Movant pled guilty to employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e). As to Count Two, Movant pled guilty to knowingly possessing one or more matters, which contained any visual depiction that had been produced using materials which had been mailed, shipped, or transported in interstate and foreign commerce, by any means, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). The presentence investigation report was filed with the Court

on September 16, 2011.  Movant was sentenced on October 4, 2011 to a term of 360 months on Count One and a term of 60 months on Count Two, to be served consecutively for a total term of 420 months, followed by supervised release for life on each Counts One and Two with the terms of supervised release to run concurrently. The Judgment and Commitment was filed on October 11, 2011.  Movant did not file a direct appeal and his time for filing an appeal expired on October 25, 2011. Thus, his conviction became final on this date.  Movant was represented by attorney Michelle Law during the entirety of his proceedings. Movant's motion was filed with the Court on November 1, 2012.  The Warden's certificate indicates that movant's motion was processed on October 30, 2012 but the Certificate of Mailing attached to movant's motion indicates that he deposited the motion in the institution's internal mail system on October 26, 2012.

## II. DISCUSSION

In support of his Section 2255 Motion, Movant argues that he was subjected to ineffective assistance of counsel.  He argues that his counsel was ineffective as she: (1) conducted an insufficient pretrial investigation; (2) gave him insufficient advice to plead guilty; (3) failed to argue against certain enhancements applied to his sentence; and (4) did not appeal his sentence. Movant acknowledges that his motion is untimely, but requests that the Court equitably toll the deadline.

Pursuant to 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant alleges that he put his motion in the mail on October 26, 2012. However, even if we consider Movant's motion filed as of October 26, 2012, his motion is still untimely as it was filed more than one year after the date on which his judgment of conviction became final, which was October 24, 2012.

Movant argues that equitable tolling should apply to his case. The Court may "equitably toll" the statute of limitations when "extraordinary circumstances" prevent a prisoner from timely filing his § 2255 motion; furthermore, in order to receive the benefits of equitable tolling, the movant must demonstrate that he acted with due diligence in pursuing his § 2255 motion. E.J.R.E. v. U.S., 453 F.3d 1094, 1098 (8th Cir. 2006). Movant argues that equitable tolling should apply as he was in transit to various prison facilities the year after his judgment of conviction became final. However, there are cases which have concluded that "[s]imply being transferred from prison to prison is not enough to toll the limitations period." U.S. v. Cooper, 891 F.Supp.2d 1071,1075 (D. Neb. 2012) (holding that a movant's transfer from prison to prison was not enough to toll the limitations period when he provided no explanation as to why the transfers impeded his ability to file a motion promptly or what he did during those transfers to diligently

3

pursue his rights); See also U.S. v. Brittain, 41 Fed.Appx. 246, 249 (10th Cir.), cert. denied, 537 U.S. 913, 123 S.Ct. 294, 154 L.Ed.2d 196 (2002)(concluding that the district court did not err in refusing to equitably toll the period in which a movant could file his § 2255 motion when the movant "[f]ailed to demonstrate that he diligently pursued his claims," "[did] not allege[] that he even attempted to do so during the relevant period; and "[did] not explain[] in what way his prison transfers actually made it impossible for him to file on time"); Jones v. U.S., No.1:07-CV-60-JCH, 2007 WL 1521492 at *1 (E.D.Mo. 2007) (summarily dismissing movant's § 2255 motion and citing the portion of Lindo v. Lefever, 193 F.Supp.2d 659 (E.D.N.Y. 2002) which indicated that transfers between prison facilities, restricted access to the law library, and inability to secure court documents do not qualify as extraordinary circumstances sufficient to justify equitable tolling); Mathison v. U.S., 648 F.Supp.2d 106, 112 (D.D.C. 2009) (stating that "[n]either plaintiff's transfer from one prison to another nor his placement in a housing unit without legal materials is an extraordinary circumstance to warrant tolling of the limitations period").

Movant states that he diligently pursued his rights from the time he was sentenced until the time he arrived at his present location. He alleges that he filed his § 2255 motion as soon as possible. He additionally sets forth his transit history and states that when he was in transit it was impossible for him to perform any legal work. He further represents that he did not have access to the law library or his legal materials the day prior to his transfer, the day of his transfer, and the day after his transfer and, moreover, that prisoners are generally not given their property, including their legal work, until five to ten days after arriving at their designated facility. Finally, Movant

alleges that he had to spend the first two weeks segregated from the general prison population, due to the nature of his charges and, thus, had no access to the law library during this time.

Movant sets forth his transit history for the time period from October 14, 2011 to October 15, 2012. This report indicates that Movant was transferred to several different facilities during this time period. However, it also shows that during the time periods from November 8, 2011 to June 12, 2012 (over seven months) and from June 27, 2012 to October 15, 2012 (over three months) Movant was assigned to one location. Accordingly, the Government argues that equitable tolling should not apply as Movant did not state that he had no access to a law library or his legal materials during the time periods when he was assigned to the same prison facility.

Upon review of the above mentioned case law and arguments, the Court agrees with the Government and finds that the statute of limitations in Movant's case should not be tolled and, thus, that his § 2255 Motion was untimely filed.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

### III. CONCLUSION

Accordingly, for the reason stated above, the Court hereby **DENIES** Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1).

Date: May 23, 2013  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge