# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN LESLIE PEPPER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 6:12-CV-03485-FJG |
| | ) Crim. No. 6:11-CR-03031-01-RED |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently Pending before the Court is Movant Steven Leslie Pepper's Motion for Reconsideration of the Court's Order Denying his Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 18).

**I. Background**

On July 12, 2011, Movant pled guilty to Counts One and Two of his indictment. As to Count One, Movant pled guilty to employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e). As to Count Two, Movant pled guilty to knowingly possessing one or more matters, which contained any visual depiction that had been produced using materials which had been mailed, shipped, or

1

transported in interstate and foreign commerce, by any means, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). The presentence investigation report was filed with the Court on September 16, 2011. Movant was sentenced on October 4, 2011 to a term of 360 months on Count One and a term of 60 months on Count Two, to be served consecutively for a total term of 420 months, followed by supervised release for life on each Counts One and Two with the terms of supervised release to run concurrently. The Judgment and Commitment was filed on October 11, 2011.

Movant did not file a direct appeal and his time for appeal expired on October 25, 2011. Movant was represented by attorney Michelle Law during the entirety of his proceedings. Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 was filed with the Court on November 1, 2012. The Warden's certificate indicates that movant's motion was processed on October 30, 2012 but the Certificate of Mailing attached to movant's motion indicates that he deposited the motion in the institution's internal mail system on October 26, 2012. On May 23, 2013 the Court issued an Order denying Movant's Motion to Vacate Sentence on the basis that it was untimely filed. On August 12, 2013 Movant filed his Motion for Reconsideration.

**II. Discussion**

Movant has asked the Court to reconsider its Order finding that equitable tolling does not apply and that his § 2255 Motion was untimely filed (Doc. No. 16). The Court may "equitably toll" the statute of limitations when "extraordinary circumstances" beyond

2

the petitioner's control prevent a prisoner from timely filing his § 2255 motion; furthermore, in order to receive the benefits of equitable tolling, the movant must demonstrate that he acted with due diligence in pursuing his § 2255 motion. *E.J.R.E. v. U.S.*, 452 F.3d 1094, 1098 (8th Cir. 2006); *see also Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").

Courts have not established clear guidelines for what constitutes an extraordinary circumstance, but there are cases that have concluded that being transferred from prison to prison, restricted access to the law library, inability to secure court documents, and negligence by counsel are not sufficient to justify equitable tolling of the statute of limitations. *See U.S. v. Cooper*, 2012 WL 3860564 at *3 (D. Neb. 2012) (holding that a movant's transfer from prison to prison was not enough to toll the limitations period when he provided no explanation as to why the transfers impeded his ability to file a motion promptly or what he did during those transfers to diligently pursue his rights); *Jones v. U.S.*, 2007 WL 1521492 at *1 (E.D.Mo. 2007) (summarily dismissing movant's § 2255 motion and citing the portion of *Lindo v. Lefever*, 193 F.Supp.2d 659 (E.D.N.Y. 2002) which indicated that transfers between prison facilities, restricted access to the law library, and inability to secure court documents do not qualify as extraordinary circumstances sufficient to justify equitable tolling); *Mathison v. U.S.*, 648 F.Supp.2d 106, (D.D.C. 2009) (stating that "[n]either plaintiff's transfer from one prison to another nor his placement in a housing unit without legal materials is an extraordinary circumstance to warrant tolling of the limitations period").

In his Motion for Reconsideration, Movant asserts that he attempted to mail his § 2255 Motion on October 25, 2012, but the mailing was rejected at the prison mailroom because it failed to meet the prison's postal policy of requiring a formal printed label of the mailing address (Doc. No. 18). According to Movant, all prison mailing label machines were out of labels on the day prior to, and on the date of, mailing (Doc. No. 18). Movant contends that he requested special permission from the prison mailroom staff to accept the package as hand-labeled, but his request was denied (Doc. No. 18). As a result, Movant alleges that he was unable to put his motion in the mail until October 26, 2012, when the mailroom staff agreed to accept his hand-labeled package after conferring with several senior administrators within the prison executive staff (Doc. No. 18). Movant asserts that these circumstances constitute extraordinary, exceptional, and reasonable excuse sufficient to equitably toll the statute of limitations (Doc. No. 18).

The Government's response contends that Movant had sufficient time at prison to address his claims and waited until the last possible moment to attempt to file his motion (Doc. No. 21). In addition, the Government asserts that Movant did not act in good faith because he failed to raise his claim about the lack of prison labels to justify his last filing in his response to the Government's motion to dismiss the § 2255 motion (Doc. No. 21). As a result, the Government argues that Movant has no good reason for his failure to file his § 2255 motion timely except for his own lack of diligence and shows no excusable neglect to justify reconsideration of the Court's Order dismissing the motion (Doc. No. 21).

Upon review of the above mentioned case law and arguments, the Court finds that the lack of mailing labels is not sufficient justification for equitable tolling of the statute of limitations. While the lack of mailing labels was beyond Movant's control, this did not make it impossible for Movant to file his motion in time. The Court found in its Order dismissing Movant's § 2255 motion that had Movant diligently pursued his motion, he had ample time (at least ten months) in which he had access to a law library and his legal materials and could have filed this motion. The Court agrees with the Government that Movant's lack of diligence is the cause of his failure to file his § 2255 motion in time.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, Movant will be denied a motion for a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

### III. Conclusion

For the reasons stated above, the Court hereby **DENIES** Movant's Motion for Reconsideration of the Court's Order Denying his Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 18).

**IT IS SO ORDERED**.

Date: <u>October 24, 2013</u>                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                       Chief United States District Judge